# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**IN RE: E.R., S.R., and J.R., minors**

**No. 23-ICA-526**     (Fam. Ct. Kanawha Cnty. No. 14-FIG-146)

## MEMORANDUM DECISION

Petitioner Patricia H.[1] appeals the Family Court of Kanawha County's Final Order Terminating Guardianship entered October 27, 2023. In that order, the family court terminated Patricia H.'s guardianship over minors E.R., S.R., and J.R. Respondent April B. timely filed a response in support of the family court's ruling.[2] Patricia H. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, this case is remanded to the family court for entry of an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.

This matter concerns three minor children: E.R., S.R., and J.R. April B. is the mother of the children. Guardianship proceedings regarding the children have been ongoing in Kanawha County and Putnam County since 2012. At some point, Patricia H. was appointed guardian of the children. On August 15, 2023, April B. filed her Petition for Modification wherein she sought to terminate the guardianship of E.R. and J.R. No response was filed to the petition.

On October 24, 2023, the family court held a hearing on the petition. April B. and an attorney from the Bureau for Child Support Enforcement were present. Patricia H. did not appear despite the family court finding that she was properly served with notice. Relevant to the issues on appeal, April B. testified that she wanted custody of all three

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Patricia H. is represented by Michael M. Cary, Esq. April B. is represented by Timothy Shawn Litten, Esq.

children and the children had expressed a desire to live with her. She further testified that she currently lived with her husband, her child with her husband, and the minor child J.R. Following the hearing, on October 27, 2023, the family court entered its Final Order Terminating Guardianship. In that two-page order, the family court found that April B. testified that she is fit and appropriate to have the minor children in her custody and that there was no evidence presented to the contrary. Accordingly, the family court terminated the guardianship. It is from this order that Patricia H. appeals.

Generally, we review a family court appeal pursuant to the standards set forth by the Supreme Court of Appeals of West Virginia in the Syllabus of *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). However, such standards contemplate sufficient findings of fact and conclusions of law to facilitate a meaningful review.

The Supreme Court of Appeals has said that to properly review an order of a family court,

> "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province,* 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province,* 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

Turning to the case at hand, pursuant to West Virginia Code § 44-10-3(j) (2013), the burden of proof was on April B. to show by a preponderance of the evidence that there was a material change of circumstances, and that the revocation or termination of the guardianship was in the children's best interest. Here, the family court's order does not contain any findings regarding a material change in circumstances and it is not clear from the record whether such change occurred.

For the foregoing reasons, we remand to the family court with direction to issue an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review and in doing so, to address the issue of whether there has been a material change of circumstances and whether termination of the guardianship is in the best interests of the children. The family court may conduct such further proceedings as it deems necessary to accomplish this directive. To avoid undue disruption of the children, the Final Order Terminating Guardianship is hereby considered to be a temporary order, which shall

remain in effect pending entry of a final order by the family court consistent with this decision. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with Directions.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear